**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Luis Junior Parra Benitez,

Petitioner,

v.

Todd M. Lyons, *et al.*,

Respondents.

No. CV-26-02294-PHX-JJT (MTM)

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention, alleging he was previously released from immigration detention in 2022 and redetained without due process. (Doc. 1.) On June 2, 2026, after briefing, the Court granted the Petition and ordered that "Respondents must immediately release Petitioner from custody under the same conditions that existed before his re-detention." (Doc. 13.) Respondents filed a Notice of Compliance stating they had released Petitioner that same day. (Doc. 15.)

On June 9, Petitioner filed the instant Motion for Enforce Judgment, asserting that while Respondents had released him from custody, they did not do so "under the same conditions as existed before his re-detention." (Doc. 16.) Specifically, Petitioner asserts that Respondents: 1) did not return his property upon release, to include his work permit and driver's license; 2) released him on a Form I-220B rather than an I-220A, resulting in his being held to more restrictive conditions and putting him at immediate risk of re-detention due to its incorrect identification of Petitioner as someone subject to a final

order of removal; and 3) required Petitioner to report to ICE offices in Florida, based on the requiring documentation incorrectly listing him as a resident of Fort Myers, FL when he lives in Minnesota. (Doc. 16 at 2-4.)

Respondents' Response was due June 23. Respondents filed no response by that date or at any time since. The Court is therefore without any information from Respondents whether any of these deficiencies has been rectified, or even if they are accurate as alleged. Pursuant to LRCiv 7.2(i), the Court may deem Respondents' non-response "consent to the granting of the motion." Even on a review of the merits, the Court would grant the Motion, in the absence of controverting evidence. Each of the three actions Petitioner attributes to Respondents materially alters the conditions of release Petitioner lived under before his re-detention. The absence of his work permit and driver's license, if still valid, restricts movement and lawful economic activity and subjects him to further detention by law enforcement as well as hinders his ability to meet other conditions required to remain in compliance with his terms of his release. The issuance of an I-220B rather than an I-220A substantially increases the risk that Petitioner will be detained by other arms of DHS. And the requirement to report to an ICE office 1700 miles from where Petitioner lives, and lived before his detention, is a Kafka-esque requirement imposing extreme and unnecessary hardship on Petitioner on pain of violating his terms of release. The Court finds—Respondents having failed to provide information indicating otherwise—that Respondents have not complied with its previous Order requiring release "under the same conditions that existed before his redetention."

The Court understands that as some time has passed since Petitioner's counsel filed the instant Motion, conditions may have changed and some or all compliance issues may have been addressed. But it has no way of knowing that, as Respondents failed to respond at any time up to today to inform the Court that some or all concerns might have been mooted. The Court therefore will order that within 2 business days of entry of this Order, counsel for Respondents shall confer with counsel for Petitioner to confirm the status of all three asserted changes to conditions to release as set forth above. First, if

Petitioner's property—to include his driver's license and work permit—have not been returned to him, Respondents shall do so or shall facilitate the replacement of those items at no cost to Petitioner. Second, if an I-220A has not yet issued to Petitioner to replace the incorrect I-220B, Respondents shall promptly facilitate same. Third, if Petitioner was required to report to any ICE office prior to his redetention, Respondents shall reissue orders requiring appearance at that prior location, and not in Florida; if, on the other hand, Petitioner was not previously required to report to any ICE office, and such requirement is not mandated by law, Respondents shall revert Petitioner's immigration orders to that prior status. Respondents shall file a Notice of Compliance within seven days of entry of this Order.

**SO ORDERED.**

Dated this 24th day of August, 2026.

Honorable John J. Tuchi
United States District Judge